UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRUCE BOYINGTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-00090-NT |
| | ) |
| DENIS MCDONOUGH, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION ON MOTION FOR SANCTIONS**

As a sanction for Plaintiff's alleged failure to comply with the Court's discovery order and to prosecute his claim, Defendant asks the Court to dismiss Plaintiff's complaint. (Motion for Sanctions, ECF No. 27.) Following a review of the record and after consideration of Defendant's argument, I recommend the Court grant Plaintiff's motion for sanctions and dismiss Plaintiff's complaint.

**BACKGROUND FACTS**

After Plaintiff failed to respond to Defendant's written discovery requests, on March 4, 2021, the Court ordered Plaintiff to show cause as to why he had not served responses to the discovery requests. (Order, ECF No. 21.) The Court noted that if Plaintiff failed to show cause, the Court could authorize a motion for sanctions. (*Id.*) Plaintiff did not respond to the show cause order. The Court, therefore, authorized Defendant to file a motion for sanctions. (Order, ECF No. 23.)

Before Defendant filed the motion for sanctions, Plaintiff wrote to Defendant's counsel suggesting that he did not intend to continue with the claim. (Declaration of Katelyn Saner ¶ 13, ECF No. 26.) When counsel sought clarification, Plaintiff confirmed that he did not intend

to prosecute the claim. (*Id*.)  Although counsel asked Plaintiff to notify the Court of his intentions, Plaintiff has not done so.

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery.  A court may under certain circumstances "strike pleadings in whole or in part," or dismiss the action "in whole or part."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

Dismissal as a sanction should be used cautiously.  As the First Circuit explained:

> Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc.  The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent.

*Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits."  *Id*. (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

If Defendant's request for dismissal was based solely on Plaintiff's failure to respond to discovery requests, perhaps dismissal as a sanction would not be appropriate.  Defendant, however, also cites Plaintiff's failure to prosecute the claim in support of his request for dismissal.  Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action for a party's failure to prosecute and failure to comply with the court's orders.  In fact, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte

for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)).

Here, in addition to his failure to respond to Defendant's discovery requests for more than six months, Plaintiff has failed to respond to the Court's show cause order and represented to Defendant's counsel that he did not intend to prosecute the matter. Given Plaintiff's failure to respond to discovery, failure to comply with the Court's order, and failure otherwise to prosecute the case, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, unless Plaintiff, within 14 days of the date of this Recommended Decision, notifies the Court of his intention to prosecute this matter and serves responses to Plaintiff's discovery requests, I recommend the Court grant Defendant's motion for sanctions and dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of May, 2021.

3